The appellant, Robinson, was tried in the March (1878) Term of the Criminal Court, upon an indictment for assault and battery with intent to kill, convicted of an assault and battery .only, and sentenced to one year in jail.
He applied for his discharge by proceedings under habeas corpus, upon the ground that exclusive jurisdiction of the offense of which he was convicted is vested in the Police Court, and upon refusal appealed to this court.
By the act of Congress establishing the Police Court, “ original and exclusive jurisdiction” was conferred upon it “ of all simple assaults and batteries, and all other misdemeanors not punishable by imprisonment in the penitentiary.”
The court in general term expressed the opinion, that al- ' though the criminal term of this court has no original jurisdiction to try a case of assault and battery, yet, when the criminal is tried for the commission of that offense with intention to kill, he may properly be convicted of the lesser of *419 fense, if the jury are satisfied that he was not guilty of the felonious intention. The indictment includes it, and the court has unquestioned cognizance over that indictment.
A. C. Bradley, for petitioner.
The petition must be dismissed and the prisoner remanded.